IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GILBERT LANE,                                          CV. 06-1601-MA

        Petitioner,                         OPINION AND ORDER

    v.

MARK NOOTH,

        Respondent.


Kristina Hellman
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John Kroger
Attorney General
Summer R. Gleason
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

MARSH, Judge

    Petitioner, an inmate at Two Rivers Correctional Institution,

brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.

1 -- OPINION AND ORDER

For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

## BACKGROUND

In 1986, petitioner was convicted of Murder and Robbery in the First Degree, and sentenced to life imprisonment. See Lane v. Hill, 01-633-BR (Opinion and Order (#79)); Lane v. Nooth, 08-115-JO (Petition (#2)). On October 8, 2003, the Oregon Board of Parole and Post-Prison Supervision (board) conducted an exit interview to determine petitioner's projected parole release date.

Prior to the interview, petitioner refused to participate in a psychological examination ordered by the board. In response, the board issued Board Action Form (BAF) #8, imposing a true life sentence.[1] Petitioner sought administrative review, alleging that the board's action violated its own rules, and the *Ex Post Facto* Clauses of the state and federal constitutions. The board denied relief in Administrative Review Response (ARR) #5.

On August 6, 2004, petitioner filed a petition for judicial review. On October 8, 2004, the board withdrew BAF #8 and ARR #5 for reconsideration of whether the administrative record was complete. On December 7, 2004, the board issued ARR #7 which again

---

[1] The board provided, however, that petitioner could petition for another hearing, if he consented to a psychological evaluation, no sooner than two years from his exit interview hearing.

imposed a true life sentence based upon petitioner's refusal to participate in a psychological examination.

On December 8, 2004, the Oregon Court of Appeals Records Section sent petitioner a letter informing him of the board's order on reconsideration, and advising him that if he intends to pursue judicial review of the order on reconsideration, he must file a Notice of Intent to Proceed as required by Or. R. App. P. 4.35(4)(a)(ii).  That rule provides:

> If the petitioner on judicial review of an order of the Board of Parole and Post-Prison Supervision desires to continue the judicial review after the Board issues its order on reconsideration, the petitioner shall file a notice of intent to proceed with judicial review within [60 days], unless the court allows additional time.

Petitioner was advised in the letter that failure to file a Notice of Intent to Proceed within the time set by statute would result in the dismissal of his appeal.  Petitioner did not respond.  Consequently, on April 1, 2005, the Oregon Court of Appeals issued an order to show cause which provided as follows:

> On December 8, 2004, notice was sent to petitioner that a notice of intent to proceed with the parole review was due from petitioner, pursuant to ORAP 4.35(a)(ii). Notice has not been received.
>
> Petitioner has 14 days from the date of this order to show cause why this case should not be dismissed. Failure to respond shall result in dismissal of this case for lack of prosecution.

Petitioner did not respond to the order to show cause. However, on April 15, 2005, petitioner filed a "Motion for Copying,

3 -- OPINION AND ORDER

Mailing, and Storage," which (1) purported to be in response to a March 11, 2005, letter from court legal counsel James Nass; (2) objected to the destruction of his legal materials; and (3) sought an order allowing the photocopying, mailing, and storage of documents "used in this case," at state expense. Attached to the motion was an affidavit bearing a different Court of Appeals case number.[2]

On July 26, 2005, the Oregon Court of Appeals (1) dismissed the petition for lack of prosecution, and for failure to demonstrate a substantial question of law; and (2) denied as moot petitioner's motion for copying, mailing and storage. On August 8, 2005, petitioner filed a motion for reconsideration, together with a Notice of Intent to Proceed. On October 20, 2005, the Oregon Court of Appeals denied petitioner's motion for reconsideration. The Oregon Supreme Court denied review.

In the instant proceeding, petitioner alleges that the board violated the *Ex Post Facto* and Due Process Clauses of the U.S. Constitution by imposing a true life sentence; and that the Oregon Court of Appeals violated his right to due process and equal protection by dismissing his petition for judicial review. Respondent moves the court to deny habeas relief on the basis that

---

[2] See Lane v. Board of Parole and Post-Prison Supervision, 343 Or. 222, 168 P.3d 1153 (2007). It appears from petitioner's exhibit 1, that petitioner had three appeals pending before the Oregon Court of Appeals on or about this time period.

(1) petitioner procedurally defaulted his available state remedies; and (2) whether the Oregon Court of Appeals correctly decided to dismiss petitioner's petition for judicial review is not reviewable by this court.

**DISCUSSION**

I. **Procedural Default - Grounds for Relief One and Two.**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); <u>Smith v. Baldwin</u>, 510 F.3d 1127, 1137-38 (9th Cir. 2007), <u>cert. denied</u>, 129 S.Ct. 37 (2008); <u>Carter v. Giurbino</u>, 385 F.3d 1194, 1196 (9th Cir. 2004), <u>cert. denied</u>, 543 U.S. 1190 (2005). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>Casey v. Moore</u>, 386 F.3d 896, 916 (9th Cir. 2004), <u>cert. denied</u>, 545 U.S. 1146 (2005). If a petitioner procedurally defaults his federal claims in state court, federal habeas relief is precluded absent a showing of cause and prejudice, or that failure to consider his federal claims will result in a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>Smith</u>, 510 F.3d at 1139.

A state prisoner procedurally defaults his available state remedies in one of two ways. First, he may fail to present, or fail to "fairly present," the federal claim to the state court, and the procedural default is caused by the fact that the state court would now find the federal claims procedurally barred under an independent and adequate state law ground. Coleman, 501 U.S. at 729 n.1; Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Harris v. Reed, 489 U.S. 255, 269-70 (1989) (O'Connor, concurring); Casey, 386 F.3d at 920-21.[3]

Second, a federal claim is procedurally defaulted if it is actually raised in state court, but explicitly rejected by the court based upon a state law. Cone v. Bell, 129 S. Ct. 1769, 1780 (2009); Coleman, 501 U.S. at 729-30. Federal habeas corpus relief is precluded in these cases provided the state law invoked is independent of the federal question and adequate to support the judgment. Coleman, 501 U.S. at 729-30; Lee v. Kemna, 534 U.S. 362, 375 (2002); Sechrest v. Ignacio, 549 F.3d 789, 802 (9th Cir. 2008).

---

[3] Included in this category, are those cases in which the petitioner presents his federal claims raised in a procedural context in which the claims would not be considered absent special circumstances. Castille v. Peoples, 489 U.S. 346, 351 (1989); Casey, 386 F.3d at 917-18. Absent a showing that the state court actually decided the merits of a claim raised in such a procedural context, the claim is procedurally defaulted. See Chambers v. McDaniel, 549 F.3d 1191, 1196-97 (9th Cir. 2008); Casey, 386 F.3d at 916-17 & n.18 & n. 23.

Because petitioner raised grounds for relief one and two to the Oregon Court of Appeals, the court explicitly invoked Or. R. App. P. 4.35 in dismissing the appeal, and the Oregon Supreme Court denied review without comment,[4] I conclude that petitioner's procedural default falls within the second category of cases, and resolution of the procedural default issue turns on the proper application of the independent and adequate state rule doctrine.

**A.    Independent and Adequate State Rule - Standards.**

A state procedural rule is "adequate," for purposes of preclusion, if it is clear, consistently applied, and well-established at the time of the petitioner's purported default. <u>Sechrest</u>, 549 F.3d at 802-03; <u>Collier v. Bayer</u>, 408 F.3d 1279, 1284 (9th Cir. 2005), <u>cert. denied</u>, 547 U.S. 1013 (2006); <u>Vang v. Nevada</u>, 329 F.3d 1069, 1073 (9th Cir. 2003). "Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate to support a state decision, to be considered adequate, the discretion must entail the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits." <u>Bennett v. Mueller</u>, 322 F.3d 573, 583 (9th Cir. 2002), <u>cert. denied</u>, 540 U.S. 938 (2003) (internal citations and quotations omitted). The adequacy of a

---

[4] <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 805 (1991) (habeas court looks to last reasoned state court decision in applying independent and adequate state rule doctrine).

state rule is, itself, a federal question.  <u>Cone</u>, 129 S.Ct. at 1780; <u>Lee</u>, 534 U.S. at 375.

A state procedural rule is "independent," for purposes of preclusion, if it is not interwoven with federal law, and the state court explicitly invoked the rule as a separate basis for its decision.  <u>Carter</u>, 385 F.3d at 1197; <u>Vang</u>, 329 F.3d at 1074; <u>Bennett</u>, 322 F.3d at 581.  "A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim." <u>Bennett</u>, 322 F.3d at 580; <u>Harris</u>, 489 U.S. at 264, n.10.

If the respondent pleads the existence of an independent and adequate state procedural rule as an affirmative defense, the burden shifts to the petitioner to assert specific factual allegations that demonstrate the inadequacy of the state rule.  If the petitioner satisfies this burden, the respondent bears the ultimate burden of proving the rule bars federal review.  <u>Collier</u>, 408 F.3d at 1284 & n.6; <u>Carter</u>, 385 F.3d at 1198; <u>Bennett</u>, 322 F.3d at 586.

**B.    The Oregon Court of Appeals Invocation of Or. R. App. P. 4.35.**

The state argues that Or. R. App. P. 4.35 is an independent and adequate state rule which precludes review of petitioner's federal claims.  In response, petitioner claims that the rule is inadequate to preclude habeas relief because (1) it was applied in

a surprisingly harsh manner; (2) he substantially complied with its directives; and (3) it has ambiguous standards.  I disagree.

Citing Eleventh Circuit cases, petitioner argues that Or. R. App. P. 4.35 is not adequate because it was applied in a surprisingly harsh manner.  I agree that the exorbitant application of a generally sound rule may render a state rule inadequate to preclude consideration of a federal question, particularly where the petitioner substantially complied with the state rule.  See Lee, 534 U.S. at 376.  However, petitioner has made no such showing in this case.  Rather, petitioner simply argues that the Court of Appeals liberally construed his letters, in other contexts, to be formal motions.

Assuming this is true, the contention does not undermine the adequacy of Or. R. App. P. 4.35.  Nor am I convinced that petitioner's motion for copying, mailing, and storage substantially complied with the requirement that petitioner advise the court of his intent to proceed with the appeal as to the board's order on reconsideration.  Petitioner's motion made absolutely no reference to the board's order on reconsideration, to the Court of Appeals December 8, 2004, letter, or to its order to show cause.

The Oregon Court of Appeals invocation of Or. R. App. P. 4.35 was not surprisingly harsh.  The court advised petitioner of the need to file a Notice of Intent to Proceed, gave petitioner sixty days in which to comply, and then issued an order to show cause

giving petitioner an additional 14 days to advise the court of his intent. Petitioner offers no evidence that the rule has been inconsistently applied, lacks clarity, or is not well established. I reject petitioner's argument that the rule is ambiguous, as applied, because it does not prescribe any certain format for the Notice of Intent to Proceed or include a list of information that must be contained therein.

In sum, I conclude that petitioner's first and second grounds for relief are precluded by an independent and adequate state law rule. Moreover, even if I were to conclude that Or. R. App. P. 4.35 is not independent and adequate, petitioner procedurally defaulted his available state remedies by failing to raise his federal claims in his petition for review to the Oregon Supreme Court. Because petitioner can no longer raise the claims to the Oregon Supreme Court, he has procedurally defaulted his available state remedies. Petitioner has made no showing of cause and prejudice, or that a fundamental miscarriage of justice will occur if the court fails to consider his claims. Accordingly, federal habeas relief is precluded.

**II.  Ground for Relief Three.**

In his third ground for relief, petitioner alleges that the Oregon Court of Appeals violated his right to due process and equal protection when it dismissed his petition for judicial review. Petitioner's due process claim is premised upon the assertion that

his motion for copying, mailing and storage, together with his affidavit, was sufficient under state law to satisfy the notice of intent to proceed. Petitioner's equal protection claim is premised upon the assertion that other inmates have submitted similar documents which have been found to be sufficient for a notice of intent to proceed.

I agree with respondent's assertion that petitioner's equal protection claim is procedurally defaulted on the basis that petitioner failed to raise the claim to the Oregon Supreme Court. Further, although petitioner raised a due process claim to the Oregon Supreme Court, habeas relief is not warranted because the propriety of the Oregon Court of Appeals application of Or. R. App. P. 4.35 is not subject to review by this court; and the court's dismissal of petitioner's appeal pursuant to that rule was not arbitrary or fundamentally unfair. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991); Cook v. Spalding, 660 F.2d 738, 739 (9th Cir. 1981), cert. denied, 455 U.S. 1026 (1982). Accordingly, habeas relief is not warranted as to this ground for relief.

///

///

///

///

///

11 -- OPINION AND ORDER

**<u>CONCLUSION</u>**

Based on the foregoing, petitioner's fourth amended petition (#26) is DENIED, and this proceeding is DISMISSED, with prejudice. Petitioner's request for an evidentiary hearing is DENIED as moot.

IT IS SO ORDERED.

DATED this _18_ day of May, 2009.

> __/s/  Malcolm F. Marsh_____
> Malcolm F. Marsh
> United States District Judge